John DYKES, Plaintiff,

v.

Ernest MORRIS et al., Defendants.

No. 79 C 644.

United States District Court,
N. D. Illinois, E. D.

Feb. 28, 1980.

John Dykes, pro se.

Susan M. Sherwin, Asst. Atty. Gen., Chicago, Ill., for defendants.

## MEMORANDUM OPINION

MAROVITZ, Senior District Judge.

### Motions to Compel

Plaintiff John Dykes brings this action *pro se* pursuant to 42 U.S.C. § 1983, alleging violations of his right to be free from cruel and unusual punishment as guaranteed by the Eighth Amendment to the United States Constitution. Plaintiff alleges, *inter alia*, that while incarcerated at Stateville

Correctional Center (Stateville) he was repeatedly stabbed by a fellow inmate as a result of poor supervision by defendants of the Stateville prison population. Plaintiff seeks monetary and injunctive relief. This Court has previously held herein that plaintiff's complaint states a claim for a violation of his Eighth Amendment right to be free from cruel and unusual punishment in view of his allegation that attacks upon inmates by fellow inmates at Stateville occurred frequently, and occurred as a result of inadequate supervision on the part of the prison officials. *Dykes v. Morris*, Civ.No. 79–644 (N.D.Ill., Sept. 13, 1979) (memorandum opinion denying defendants' motion to dismiss).[1]

Pending before the Court is defendants' motion pursuant to Rule 37(a)(2) of the Federal Rules of Civil Procedure to compel plaintiff to answer certain interrogatories and plaintiff's motion to compel defendants to complete certain requested discovery. For the reasons set forth below, defendants' motion is granted and plaintiff's motion is granted in part and denied in part.

■ The Court first addresses defendants' Rule 37(a)(2) motion. Rule 33 of the Federal Rules of Civil Procedure authorizes a party to serve upon another party, without leave of Court, written interrogatories which must be answered by the party in writing and under oath unless a valid objection is interposed. Fed.R.Civ.P. 33(a). Rule 33(b) provides, in pertinent part, that "[i]nterrogatories may relate to any matters which can be inquired into under Rule 26(b)." Rule 26(b)(1) in turn provides, in pertinent part, that discovery may be obtained "regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action." The concept of relevancy is to be broadly construed at the discovery stage of an action, *e. g., Balistrieri v. O'Farrell*, 57 F.R.D. 567 (E.D.Wis.1972), and the discovery rules are to be accorded a liberal treatment. *Hickman v. Taylor*, 329 U.S. 495, 67 S.Ct. 385, 91

L.Ed. 451 (1947). Rule 37 sets forth the procedures to be followed to gain a party's compliance with certain discovery, including requests made pursuant to Rule 33. Once a court grants a Rule 37 motion and orders discovery, noncompliance with the order may result in the imposition of sanctions, including dismissal of the action. Fed.R. Civ.P. 37(b)(2).

■ All of the interrogatories propounded by defendants in the instant case inquire into relevant areas within the meaning of Rule 26. Further, plaintiff's response to defendants' motion to compel does not assert any valid objection to the interrogatories. Plaintiff does contend that much of the information sought is in defendant's possession. However, such a contention, if true, is generally of no bearing upon an otherwise appropriate discovery request. *See* Moore's Federal Practice § 26.59. If plaintiff possesses the information sought, he must supply it in his answers in the absence of a valid objection; *e. g.*, privilege or irrelevancy. Of course, if plaintiff does not possess any information sought he need only so state in his particular answer. Plaintiff's response suggests, as defendants point out, that plaintiff misunderstands defendants' right to request answers to interrogatories under the Federal Rules of Civil Procedure. In this connection, the preceding discussion was, in part, intended for plaintiff's edification.

■ In sum, defendants' motion is hereby granted and plaintiff is hereby ordered to answer in writing and under oath defendants' interrogatories within 30 days of the date of this memorandum opinion. Failure to comply with this order will result, upon defendants' motion, in the imposition of appropriate sanctions.

The Court now turns to plaintiff's motion to compel. The information requested by plaintiff which defendants have objected to producing include: (1) all reports pertaining to stabbing incidents, assaults, beatings,

---

1. For a more complete discussion of the facts of this case see the Court's memorandum opinion of September 13, 1979.

and deaths caused by other inmates from October 17, 1975 until February 1979; (2) all investigatory reports involving the above mentioned incidents; (3) all photos of inmates having been stabbed, assaulted, beaten, or killed at Stateville from October 17, 1975 to February 1979; (4) copies of all investigatory reports concerning conditions at Stateville from October 17, 1975 until February 1979; and (5) all statements made by Warden Morris regarding his resignation on August 1978. Defendants have failed to respond to plaintiff's motion. However, defendants did assert certain objections to production of the above information at the time they otherwise complied with plaintiff's discovery request. The Court will address those objections herein.

As to (3) and (5) above, the Court finds defendants' objection on the ground of irrelevancy to be well-founded. Indeed, even under the broad notion of relevancy which governs the discovery stage of an action, this information is not sufficiently relevant to plaintiff's claim. As to (4), the Court finds that plaintiff's discovery request is overly broad. *See, e. g., Belcher v. Bassett Furniture Industries,* 588 F.2d 904 (4th Cir. 1978); *Demeulenaere v. Rockwell Manufacturing Co.,* 13 F.R.D. 134 (S.D.N.Y. 1952). Further, it is the Court's opinion that any properly discoverable information which might fall within the terms of this request is embraced by the requests made by plaintiff in (1) and (2). Accordingly, plaintiff's motion is denied insofar as it seeks production of the information in (3), (4), and (5).

As to (1) and (2), however, this type of information as a general proposition is clearly relevant to plaintiff's claim in that the success of his claim rests upon a finding that defendants' alleged failure to adequately supervise the Stateville inmate population was proximately caused by a pattern of inmate on inmate violence at the prison. *See, e. g., Little v. Walker,* 552 F.2d 193 (7th Cir. 1977); *Spence v. Staras,* 507

F.2d 554 (7th Cir. 1974) (due process claim); *Woodhous v. Virginia,* 487 F.2d 889 (4th Cir. 1973); *Gates v. Collier,* 501 F.2d 1291 (5th Cir. 1974). Besides relevancy, defendants also object to production of this information on grounds of undue hardship and prejudice. Generally, hardship to a party as a result of compliance with an otherwise proper discovery request should only serve as a valid objection when the hardship will outweigh the benefit compliance is likely to confer on the requesting party. *See Rich v. Martin Marietta Corp.,* 522 F.2d 333 (10th Cir. 1975); *Flood v. Margis,* 64 F.R.D. 59 (E.D.Wis.1974). It is the Court's opinion that the records sought by plaintiff are of diminishing relevancy the earlier in time the incidents underlying the records occurred *vis a vis* the attack on plaintiff. Therefore, the Court concludes that the potential value of the records to plaintiff's claim outweighs the burden to defendants of production only insofar as they relate to incidents occurring during the period from May 1977 (a year prior to the attack on plaintiff) until February 1979.[2]

Defendants' privilege objection is based upon Ill.Rev.Stat. ch. 38, § 1003–5–1. Subsection (a) of this provision requires the Illinois Department of Corrections (DOC) to maintain a file on each inmate and specifies what types of information shall be kept in the files. Subsection (b) generally requires all files to be kept confidential and sets forth rules of access with respect to the files. However, this being an action founded upon federal law, this Court is not bound to observe state rules of privilege. Fed.R. Evid. 501. Moreover, to the extent DOC investigatory reports and other information concerning attacks upon inmates are not kept in an inmate's file, it would seem that the information sought by plaintiff is not subject to subsection (b)'s confidentiality rules. In any event, however, the Court acknowledges that there are important confidentiality interests inherent in the preparation and maintenance of the types of pris-

---

**2.** Records pertaining to incidents occurring after the attack on plaintiff may be relevant to certain issues; for example, defendants' ability to reduce incidents of inmate on inmate violence.

on records sought by plaintiff. Undoubtedly, it is only assurances of future confidentiality which enable prison officials to elicit from members of the prison population important information concerning incidents of prison violence.[3] Therefore, having found the information sought by plaintiff to be crucial to the presentation of his claim and the prison to have compelling interests in the continued confidentiality of certain aspects of this information, the Court turns to resolution of the conflict thus posed. A solution which totally favors one party's interests over the other's would appear to be unjust and unwarranted in the instant case. Rather, the Court must search for a compromise solution which sufficiently serves the interests of both parties.

It is well-settled that a trial court has considerable discretion, within the bounds erected by the federal rules, as to the supervision of the discovery process. *E. g.,* *Chemical & Industrial Corp. v. Druffel,* 301 F.2d 126, 129 (6th Cir. 1962). Moreover, it is well-settled that *in camera* review "is a highly appropriate and useful means of dealing with claims of governmental privilege." *Kerr v. United States District Court for Northern District of California,* 426 U.S. 394, 406, 96 S.Ct. 2119, 2125, 48 L.Ed.2d 725 (1976). Accordingly, the Court orders defendants to submit to the Court for *in camera* review copies of the material requested by plaintiff for the appropriate periods of time. Defendants are to comply with this order within 45 days of the date of this

memorandum opinion. When defendants submit this material to the Court, they shall indicate on the copies those portions of the records which they assert should be kept confidential, *e. g.,* names of inmates or other identifying information, and the reasons therefor. Along with the copies of the records bearing defendants' specific assertions of confidentiality, defendants shall submit to the Court an additional copy of each of the records with the alleged confidential matter deleted therefrom. If the Court finds defendants' specific objections of confidentiality to be well-founded, it will thereafter release the latter copies to plaintiff.

In conclusion, defendants' motion to compel is hereby granted. Accordingly, plaintiff is hereby ordered to answer all of the interrogatories propounded to him by defendants within 30 days of the date of this memorandum opinion. Plaintiff's motion to compel is granted only insofar as it relates to the DOC records pertaining to attacks upon inmates at Stateville occurring during the period from May 1977 to February 1979. Defendants are ordered to produce those records in the fashion indicated by the foregoing discussion.[4] Plaintiff's motion is hereby denied in all other respects.

---

**3.** However, the Court's understanding of the confidentiality interests present herein would not find that those interests extend to maintaining the anonymity of DOC officials.

**4.** To the extent defendants believe the confidentiality problems presented herein by plaintiff's request for records to be insurmountable or the Court's disposition of plaintiff's motion to be otherwise impracticable, the Court invites a properly supported motion to reconsider within 10 days of the date of this memorandum opinion.