VIRGINIUS B. LOUGEE v. JEANNIE B. GRINNELL
(13937)

SHEA, GLASS, COVELLO, BORDEN and F. X. HENNESSY, Js.

Argued October 3—decision released November 20, 1990

*Francis H. Morrison III,* with whom were *Ruth Kurien* and, on the brief, *Mary Ellen C. Whiteman,* for the appellant (petitioner).

*Irving H. Perlmutter,* with whom was *Arthur R. Almquist,* pro hac vice, for the appellee (respondent).

GLASS, J. This case concerns the trial court's denial of a motion to quash a deposition subpoena and its refusal to issue a protective order despite the claim of the petitioner, Virginius B. Lougee, that the information sought by the respondent, Jeannie B. Grinnell, was immaterial and unnecessarily duplicative. The court ruled that the statutory criteria for issuing a deposition subpoena had been satisfied and that Lougee had not shown good cause as to why he should not be deposed. We affirm the judgment of the trial court.

The relevant procedural history of this case is as follows. Grinnell is the plaintiff in an action brought in Texas against the American Tobacco Company (Ameri-

can). In that action, Grinnell alleges that her husband died of lung cancer caused by smoking cigarettes produced by American. Lougee was employed by American from 1950 to 1965 as an engineer and master mechanic prior to serving as American's chief executive officer (CEO) from 1981 to 1985, when he retired.

During his tenure as CEO, Lougee was responsible for American's policy on issues of "smoking and health." Consequently, in responses to Grinnell's interrogatories he was designated by American as one of four individuals once holding policy-making positions and having the most knowledge regarding the chemical composition of certain cigarettes. Lougee may be the only one of these individuals presently alive.

As a result of American's designation, Grinnell filed a deposition notice in her Texas action which was directed to American but sought Lougee's testimony. The Texas trial court determined that American could not be compelled to produce Lougee for a deposition because Lougee was no longer an employee of American. Grinnell then hired a Connecticut attorney to subpoena Lougee to appear at a deposition in Connecticut. Lougee moved to quash the subpoena. The trial court, after determining that Grinnell failed to apply for the subpoena as required by General Statutes § 52-148e (f),[1] granted the motion without prejudice.

On October 20, 1989, Grinnell obtained an order from the District Court of Jefferson County, Texas, commissioning a Connecticut notary to take the deposition of

[1] "[General Statutes] Sec. 52-148e. ISSUANCE OF SUBPOENA FOR TAKING OF DEPOSITIONS. DEPOSITION TO BE USED OUTSIDE THE STATE. . . .

"(f) Deposition of witnesses living in this state may be taken in like manner to be used as evidence in a civil action or probate proceeding pending in any court of the United States or of any other state of the United States or of any foreign country, on application of any party to such civil action or probate proceeding."

Lougee, "a material witness," in Stamford, Connecticut. On October 27, 1989, Grinnell applied to the Connecticut Superior Court for a subpoena requiring Lougee to appear at the Stamford deposition. Lougee was served with the subpoena in Darien, Connecticut.

Lougee promptly moved to quash the subpoena[2] and for a protective order, arguing that because the Texas court had recently granted summary judgment in favor of American on all of Grinnell's post-1965 claims, and because Lougee was responsible for American's policy on smoking and health issues only from 1981 to 1985: (1) the information sought by Grinnell was irrelevant; and (2) the deposition was unreasonable, oppressive and sought duplicative testimony. After a hearing, the trial court granted Grinnell's deposition subpoena application, denied Lougee's motion to quash the subpoena and issued an order requiring Lougee to appear at the Stamford deposition.

Lougee appealed to the Appellate Court, and we transferred the appeal to this court pursuant to Practice Book § 4023. On appeal, Lougee claims that the trial court should not have denied his motion to quash Grinnell's deposition subpoena and for a protective order because: (1) the information sought was not material to a pending action; and (2) the information sought was unnecessarily duplicative. We disagree.

I

Before addressing the merits of this appeal, we must determine whether the appeal is properly before this court. An order issued upon a discovery motion in a civil case does not ordinarily constitute an appealable final judgment. *Melia* v. *Hartford Fire Ins. Co.,* 202

---

[2] Lougee's pleading was labeled in part as an "objection" to Grinnell's deposition subpoena application, but essentially sought to quash the subpoena.

Conn. 252, 255, 520 A.2d 605 (1987). The discovery order appealed in this case, however, was not rendered in the context of a civil action pending in Connecticut. Compare *Chrysler Credit Corporation* v. *Fairfield Chrysler-Plymouth, Inc.,* 180 Conn. 223, 429 A.2d 478 (1980). In this case, the sole judicial proceeding instituted in Connecticut concerned the propriety of Grinnell's deposition subpoena, a proceeding that "will not result in a later judgment from which [Lougee] can then appeal. Thus, this appeal falls within the first prong of the test of finality of judgment stated in *State* v. *Curcio,* 191 Conn. 27, 31, 463 A.2d 566 (1983): '(1) where the order or action terminates a separate and distinct proceeding.' " *Commissioner of Health Services* v. *Kadish,* 17 Conn. App. 577, 578 n.1, 554 A.2d 1097 (1989). Because the separate and distinct judicial proceeding concerning Grinnell's deposition subpoena terminated when the trial court issued the orders appealed, Lougee has appealed from a final judgment, and we will address his appeal on the merits.[3]

## II

Lougee's first claim is that the trial court should not have denied his motion to quash Grinnell's deposition subpoena and for a protective order because the information she seeks is not material to the Texas action. In support of his claim, Lougee points out that on April 11, 1989, the Texas trial court granted summary judgment in favor of American on all of Grinnell's post-1965 claims. Since only those claims for the period ending December 31, 1965, remain viable, and since his knowledge derives from the years 1981 to 1985, Lou-

---

[3] We have addressed the merits of Lougee's claim, in Parts II and III of this opinion, that the trial court should not have denied that portion of his motion seeking a protective order notwithstanding the fact that Practice Book § 221, unlike its counterpart Federal Rule of Civil Procedure 26 (c), provides that a protective order may be issued only to protect "a party." Lougee is not a party to the Texas action.

gee contends that his testimony is immaterial to the legal issues remaining in the Texas action. Lougee also maintains that he acquired no direct knowledge specific to Grinnell's decedent while he was CEO for American.

At the outset, we note that the limited statutory requirements for the issuance of a subpoena for the taking of a deposition to be used in a foreign civil action have been met in this case. General Statutes § 52-148e (a)[4] provides in relevant part that "[e]ach judge or clerk of any court, justice of the peace, notary public or commissioner of the superior court in this state, may issue a subpoena, upon request, for the appearance of any witness before him to give his deposition in a civil action . . . if the party seeking to take such person's deposition has complied with the provisions of sections 52-148a and 52-148b . . . ." The provisions of §§ 52-148a and 52-148b have no relevance to this case, and Lougee does not contest the fact that an authorized official issued Grinnell's deposition subpoena.

In addition, § 52-148e (f)[5] provides in pertinent part that "[d]eposition of witnesses living in this state may be taken in like manner to be used as evidence in a civil action . . . pending in any court . . . of any other state . . . on application of any party to such civil action . . . ." It is undisputed that Grinnell is a party to a civil action pending in Texas where Lougee's deposition is to be used in evidence, and that Lougee is living in Connecticut.

---

[4] "[General Statutes] Sec. 52-148e. ISSUANCE OF SUBPOENA FOR TAKING OF DEPOSITIONS. DEPOSITION TO BE USED OUTSIDE THE STATE. (a) Each judge or clerk of any court, justice of the peace, notary public or commissioner of the superior court, in this state, may issue a subpoena, upon request, for the appearance of any witness before him to give his deposition in a civil action or probate proceeding, if the party seeking to take such person's deposition has complied with the provisions of sections 52-148a and 52-148b and may take his deposition, each adverse party or his agent being present or notified."

[5] See footnote 1, supra.

Despite Grinnell's compliance with § 52-148e on its face, Lougee urges us to overturn the trial court's rulings on the ground that his testimony is immaterial to the legal issues remaining in the Texas action. Practice Book § 218, however, liberally permits discovery of information "material to the *subject matter* involved in the pending action . . . ." (Emphasis added.) Information material to the subject matter of a lawsuit certainly includes a broader spectrum of data than that which is material to the precise issues raised in the pleadings. Accord *In the Matter of Surety Assn. of America,* 388 F.2d 412, 414 (2d Cir. 1967). Thus, the fact that the issues in Grinnell's action relate to a time period ending before Lougee became CEO for American does not necessarily render his knowledge immaterial to the Texas lawsuit.

Further, because the role of Connecticut courts in the Texas action is confined to supervising a deposition, we decline to speculate upon whether the information Lougee possesses is actually immaterial to the subject matter of that action. See *Horizons Titanium Corporation* v. *Norton Co.,* 290 F.2d 421, 425 (1st Cir. 1961); *E.I. duPont de Nemours & Co.* v. *Deening Milliken Research Corporation,* 72 F.R.D. 440, 442–43 (D. Del. 1976). It may well be that Lougee lacks the information that Grinnell desires, but Grinnell need not blindly accept Lougee's claimed lack of knowledge as reported by his attorney. Grinnell is entitled to test that claim by deposing Lougee, and any objections raised by Lougee can adequately be preserved on the record of the deposition. See *Travelers Rental Co.* v. *Ford Motor Co.,* 116 F.R.D. 140, 143 (D. Mass. 1987); *Amherst Leasing Corporation* v. *Emhart Corporation,* 65 F.R.D. 121, 122–23 (D. Conn. 1974). We are satisfied that the Texas court will thereafter determine the evidentiary issue of materiality presented here, when

and if Lougee's deposition, or any part of it, is offered into evidence in the Texas action.

## III

Lougee next claims that the trial court should not have denied his motion to quash Grinnell's deposition subpoena and for a protective order because the information she seeks is unnecessarily duplicative. Specifically, he claims that Grinnell now possesses the transcript of Lougee's testimony from an unrelated "smoking and health" case previously litigated in New Jersey, as well as depositions taken from Robert Heimann, CEO at American from 1969 to 1980, and Preston H. Leake, current director of research and development. Lougee notes further that American has offered to stipulate that its position on "smoking and health" issues remains the same as that stated by both Lougee in his testimony in the New Jersey action and Heimann at his deposition in the Texas action. We find this claim equally unavailing.

In support of his claim that Grinnell's possession of his testimony in the New Jersey action should excuse a present deposition, Lougee principally relies on *DiPalma* v. *Wiesen,* 163 Conn. 293, 303 A.2d 709 (1972). In *DiPalma,* the witness actually testified for two days at trial and was released. When the witness failed to comply with a subpoena requiring a second appearance in court, the trial court refused to issue a capias to secure his presence. This court held that the trial court did not abuse its discretion in refusing to issue the capias in light of the witness' prior submission to two days of trial examination. In this case, where Lougee has not testified with respect to the Texas action, we find no duplication of testimony analogous to that in *DiPalma.*

*DiPalma* aside, we note that it is uncertain at this point in time whether the transcript of Lougee's New

Jersey testimony will be admissible in the Texas action. Even if we were assured of its admissibility, we do not think that Grinnell should be bound by the testimony taken by another plaintiff in an unrelated action, notwithstanding American's willingness to be so bound. Neither does American's willingness to be bound by Heimann's deposition, nor Grinnell's possession of Heimann's and Leake's depositions render Lougee's testimony unnecessarily duplicative. It is possible that Lougee could disclose information that the others did not, and, at any rate, our discovery rules do not exempt a prospective deponent from testifying merely because the applicant has access to alternative sources of information. Accord *Blankenship* v. *Hearst Corporation,* 519 F.2d 418, 429 (9th Cir. 1975); *Dykes* v. *Morris,* 85 F.R.D. 373, 375 (D. Ill. 1980); *Wright* v. *Patrolmen's Benevolent Assn.,* 72 F.R.D. 161, 164 (S.D.N.Y. 1976).

Consequently, it is our view that Grinnell is entitled to explore by deposition Lougee's personal knowledge of American's position on "smoking and health" issues. We therefore hold that the trial court did not abuse its discretion in denying Lougee's motion to quash Grinnell's application for a deposition subpoena and for a protective order. See *Standard Tallow Corporation* v. *Jowdy,* 190 Conn. 48, 57, 459 A.2d 503 (1983).

The judgment is affirmed.

In this opinion the other justices concurred.