[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING RE: MOTION TO QUASH SUBPOENA
Defense counsel has served a subpoena on the guardian ad litem undertaking to compel the appearance of the child witness at a Jarzbek hearing.[1] The guardian ad litem has moved to quash the subpoena on the basis that the child could not provide relevant evidence on the limited issue raised by the Jarzbek motion, and, that to require the child's appearance at this hearing would undermine the purpose of General Statutes Section 54-86g and the Jarzbek holding.
Defendant states that the issue actually framed by the CT Page 9441 State's Jarzbek evidence is not simply whether the trustworthiness of the child's testimony would be placed in question if adduced in defendant's presence, but rather, whether the child witness would testify at all with the defendant physically present.[2] Therefore, the defense maintains, the child should be produced at the Jarzbek hearing where she could be inquired of, and observed, respecting her expressed unwillingness, as well as her overall capacity, to testify in the defendant's presence.[3]
The granting or denying of a motion to quash is addressed to the sound discretion of the court. See, e.g., Lougee v.Grinnell, 216 Conn. 483, 491 (1990); Donase v. Minsky,7 Conn. L. Rptr. 491, 492 (1992). The relevancy of the testimony sought, or the documentation to be produced, is an appropriate consideration on a motion to quash. See, e.g., Three S.Development Co. v. Santore, 193 Conn. 174, 179 (1984). It is the court's view that any testimony of this child would be of questionable relevancy, and would have limited probative value, regarding the dispositive issue: whether the State has established, by clear and convincing evidence, that this child of tender years would be so intimidated, or otherwise inhibited, by the physical presence of the accused that a compelling need exists to receive the testimony of the child outside the defendant's presence in order to insure the reliability of such testimony. State v. Jarzbek, 204 Conn. 683,704-05 (1987). Testimony by this child relating to the specifics of the alleged criminal conduct of the accused is a matter for trial and bears no relevance to the issue raised through the pre-trial Jarzbek motion. Similarly, a mere inquiry of the child as to her willingness to testify with the accused present (and even an affirmative response) would have, at best, minimal probative value. She could very well respond to an attorney, or to a person in authority, that she would so testify, but when the time came (at trial) to "tell the story about what happened," be so intimidated or inhibited by the accused's presence that she would be unable to testify and, consistent with the expert opinion of the trained psychologist who has treated this child for a protracted period of time, totally "shut down" (or "clam up"), and not testify despite having previously indicated she would do so. It is the court's view, contrary to the asserted position of the defense, that the probative (or "best") evidence relative to the issue raised by the Jarzbek motion is an informed assessment of the child by an adult (or adults) knowledgeable CT Page 9442 concerning the child, and having an established relationship with her, which, of course, would include the assessment of a trained experienced professional, who has maintained a long-term therapeutic relationship with the child.
Additionally, as the State and the guardian ad litem contend, compelling this child's testimony at this pre-trial hearing would, in many respects, serve to undermine or circumvent the purpose of Section 54-86g(a) and the Jarzbek
holding. This court does not read the Jarzbek case, and those that followed, as requiring that the State subject a child to the ordeal of a "test run" in order to meet the Jarzbek
burden, particularly where, as here, the child's testimony, as stated heretofore, would have little probative value on the actual Jarzbek issue.[4]
The motion to quash the subpoena is granted.
Mulcahy, J.