[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 I. FACTS
This action arises out of an alleged guarantee by defendant CDC Financial Corporation (CDC Financial) for a promissory note executed by Sanseer Mill Limited Partnership (Sanseer Mill) in the amount of $550,000. CDC Financial allegedly executed a guarantee for the note and the accrued interest. (See non-party movant's motion, p. 1; Complaint, Exhibit B, stipulation for judgment, December 4, 1996, p. 4, ¶ B.) In 1996, The plaintiff, Construction Services of Bristol, Inc. (Construction Services) brought suit against Sanseer Mill and CDC Equity Corporation (CDC Equity), Sanseer Mill's general partner, on the promissory note in the Superior Court of Hartford-New Britain at Hartford,[1] whereupon judgment was entered for Construction Services. (See Complaint, Exhibit B, stipulation for judgment, December 4, 1996, p. 1, ¶ 1.) Neither Sanseer Mill nor CDC Equity has made payment on the judgment nor have they disclosed any assets sufficient to satisfy the debt. (See Plaintiff's response, pp. 2-3.)
The plaintiff filed a revised complaint on October 8, 1997, to compel payment by the defendant CDC Financial as guarantor of the debt. The plaintiff served a notice of deposition on the keeper of records of the defendant CDC Financial including thirty-nine production requests. (See Defendant's motion for protective order/to quash, notice of deposition.) The plaintiff also served a subpoena duces tecum on the keeper of the records for Wieselman Brady, LLP. (See Defendant's motion for protective order/to quash, subpoena.)
On December 7, 1999, the defendant CDC Financial filed two motions on behalf of Wieselman Brady, LLP (#108) and CDC Financial (#109), respectively. First, CDC Financial moved for a protective order to prohibit the deposition of the keepers of the records of Wieselman 
Brady, LLP and to quash the subpoena duces tecum served on the keeper of the records of Wieselman Brady, LLP. Further, CDC Financial moved for a protective order to prohibit the deposition of the keeper of the records of CDC Financial and to quash the request for documents from CDC Financial's keeper of the records. The plaintiff filed an objection to these motions on December 16, 1999. The court, Kocay, J., denied both motions on January 18, 2000. On April 28, 2000, certain employees of the CT Page 13338 defendant CDC Financial, non-parties to this action, filed a motion for a protective order to prohibit the release of their personnel files and personal information and a motion to quash the plaintiff's requests for documents as set out in ¶¶ 1, 7, 10, 22, 25, and 28, of the plaintiff's notice of deposition.[2] On May 4, 2000, the plaintiff filed its response to the motion. On June 6, 2000, the court heard reargument on the defendant CDC Financial's motions filed December 7, 1999, and argument on the plaintiff's objection to those motions. The court also heard oral argument on the non-parties' motion for protective order and motion to quash and on the plaintiff's response thereto. The court now renders this memorandum of decision.
 II. DISCUSSION
A. Reargument on Defendant CDC Financial's Motion for Protective Order and to Quash
"Upon motion by a party from whom discovery is sought, and for good cause shown, the judicial authority may make any order which justice requires to protect a party from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Practice Book § 13-5. "This language indicates that a protective order functions only to protect a party from being deposed." Cahn v. Cahn, 26 Conn. App. 720, 727, 603 A.2d 759
(1992), aff'd, 225 Conn. 666, 626 A.2d 296 (1993). "Nevertheless, the Appellate Court in Cahn ruled that a motion for protective order filed by the plaintiff to prevent the deposition of three nonparty witnesses for the defendant, because of `undue burden' of having to travel to New York to attend a deposition there, was proper even in light of the language of Practice Book § 13-5." Kowalonek v. Bryant Lane, Inc., Superior Court, judicial district of Danbury, Docket No. 324942 (April 11, 2000,Moraghan, J.). "Although the discovery being sought by the defendant was not from the plaintiff, the protective order was necessary to protect a party's interest. Accordingly, the plaintiff properly filed a motion for a protective order, to prevent the defendant from conducting depositions of nonparty witnesses." Cahn v. Cahn, supra, 26 Conn. App. 728.
The defendant seeks a protective order and to quash all thirty-nine production requests, including requests for financial records related to its employees, directors and officers, and financial records of Sanseer Mill and CDC Equity. While the defendant has standing to bring these motions with regard to its own financial records, the defendant does not "have standing to bring the present motions as they relate to financial records of others; the motions would have to be brought by those claiming invasion of privacy" or some other privilege regarding the information. CT Page 13339Bonk v. Iaropoli, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 341890 (July 27, 1998, Skolnick, J.) (22 Conn.L.Rptr. 445).
"However, even if the [defendant] here has standing to move for a protective order, [it] bears the burden of showing good cause why a protective order should be issued." Kowalonek v. Bryant Lane, Inc.,
supra, Superior Court, Docket No. 324942. After reviewing the record and entertaining the reargument, the court finds no reason to alter its decision of January 18, 2000. "[T]he purpose of a reargument is . . . to demonstrate to the court that there is some decision or some principle of law which would have a controlling effect, and which has been overlooked, or that there has been a misapprehension of facts." (Internal quotation marks omitted.) Jaser v. Jaser, 37 Conn. App. 194, 202,655 A.2d 790 (1995). The court concludes that the defendant has failed to meet this burden and the denial of the motion on January 18, 2000, is sustained.
B. Non-Party Movants' Motion for Protective Order and Motion to Quash
The motion filed by the non-party employees of CDC Financial was filed on April 26, 2000.[3] The court must first determine whether the motion is properly before the court. Our Supreme Court has recognized motions for protective orders and motions to quash filed by non-parties to protect their own interests. See Lougee v. Grinnell, 216 Conn. 483, 487
n. 3 582 A.2d 456 (1990). The Court has addressed the merits of a non-party's "claim . . . that the trial court should not have denied . . . his motion seeking a protective order [from a deposition subpoena] notwithstanding the fact that Practice Book [§ 13-5], unlike its counterpart Federal Rule of Civil [P]rocedure 26(c),[4] provides that a protective order may be used only to protect `a party.'" Id. Additionally, the motion maintains that the information sought is personal to the employees of the defendant CDC Financial highlighting the specific requests material to the motion which directly implicate the non-party movants. (See non-party movants' motion, April 28, 2000, p. 3, referencing defendant's notice of deposition, ¶¶ 1, 7, 10, 22, 25, 28, 34.) Accordingly, the motion is properly before the court.
The non-party movants argue that the protective order should be issued and the request for production be quashed because the plaintiff seeks materials that are irrelevant to the subject matter of the present case and not likely to lead to the discovery of admissible evidence and is overbroad and burdensome.
The plaintiff argues in its response[5] that these requests for CT Page 13340 production are material to the subject matter of the present action. The plaintiff maintains that "CDC had multiple subsidiaries . . . (and] shares officers and directors (Arthur Greenblatt and Steven Erie), and even addresses with numerous other corporations and partnerships." (Plaintiff's response, p. 6.) The plaintiff argues that it "is entitled to determine if the money and assets of the defendant corporation have been funneled away in a fraudulent manner." (Plaintiff's response, p. 6.) Therefore, inquiries regarding payments or transfers of money and assets by CDC Financial to its officers, directors and employees are material. (See Plaintiff's response, p. 6.)
The party seeking to bar a deposition bears the burden of showing that there is good cause why the protective order should be issued. See Practice Book § 13-5; Babcock v. Bridgeport Hospital, 251 Conn. 790,848-49, 742 A.2d 322 (1999). "A finding of good cause must be based on a particular factual demonstration of potential harm, not on conclusory statements." Bonk v. Iaropoli, supra, 22 Conn.L.Rptr. 445.
First, the non-party movants argue that the plaintiff is not entitled to discovery because the information sought is not likely to lead to the discovery of admissible evidence and is overbroad and burdensome. These conclusory statements are insufficient. The non-party movants "seem to be invoking merely generalized concerns about the information to be disclosed, and have not indicated with specificity why the court should issue the protective order . . . ." Sabanosh v. Durant, Superior Court, judicial district of Ansonia-Milford at Ansonia, Docket No. 054525 (December 17, 1997, Flynn, J.).
The non-party movants also argue that the information sought is irrelevant specifically because the complaint is devoid of any claim of fraudulent conveyance or misappropriation of funds or assets. Moreover, the movants assert that even if the information is relevant to CDC Financial's ability to pay, it only becomes relevant in post-judgment proceedings.
A Superior Court determined that "financial records . . . appear relevant to [a claim] of misappropriation of funds and likely to be of assistance in pursuing [that claim]." Bonk v. Iaropoli, supra, (22 Conn.L.Rptr. 445). Here, the non-party movants properly point out that this is not an action in fraudulent conveyance or misappropriation of funds, but merely an action against a guarantor of a promissory note. In the absence of any claim relating to fraudulent conveyance or misappropriation of assets, the court finds that these financial records, even for the purpose of illustrating the defendant's ability to pay, are irrelevant. Moreover, at this stage of litigation, the court finds such discovery premature as the defendant has yet to be adjudicated CT Page 13341 a judgment debtor. This action is to compel an alleged guarantor to pay on a promissory note and no judgment against such guarantor has been entered yet.
Even in similar cases, where judgment has been entered and post-judgment discovery is implicated, the Superior Court has found similar third-party discovery requests improper. See Prime Bank v.Lutsky, Superior Court, judicial district of New Haven at New Haven, Docket No. 410075 (March 1, 2000, Pittman, J.). In Prime Bank v. Lutsky,
like the present scenario, the plaintiff sought discovery on a third party to inquire into the details of a mortgage granted by the defendant because "it becomes a fraudulent conveyance if [he could] establish through [discovery] that there was something improper; and if it [was] a fraudulent conveyance, then it [was] an asset of the debtor." (Internal quotation marks omitted.) Prime Bank v. Lutsky, Superior Court, Docket No. 410075. The court did not allow the post-judgment discovery holding "that judgment creditors should not be entitled to trouble third parties with responding to judicial process and preparing for inquiries under oath except `as justice requires.'" Id. The court pointed out that because the plaintiff bank required no other security in making the original loan by way of guarantee or mortgage and the defendant had paid the loan according to its terms for five and a half years, the plaintiff may not "burden his business partners and friends with depositions and other forms of compelled judicial inquiry in a case in which they are not parties but merely witnesses." Id.
Further, the Prime Bank court asserted that "[i]f the plaintiff [had] a good faith basis to believe that [the third party had] conspired with the defendant to hide assets or that she has been the recipient of fraudulent transfers from the defendant, then the plaintiff [could] compel further inquiry by making her a party to [the] lawsuit, so she can know of what the plaintiff complains and can properly mount a defense if any she has. But the plaintiff should not be permitted to use a post-judgment debt from one party, to build a case against business associates of the judgment debtor for a separate piece of litigation." Prime Bank v.Lutsky, supra, Superior Court, Docket No. 410075.
Pursuant to this precedent and the foregoing arguments, the court finds insufficient bases in law or fact to compel this pre-judgment inquiry into the financial records of a non-party entity. The non-party movants' motion for protective order and to quash are granted as to the personnel files and personal information requested in paragraphs 1, 7, 10, 22, 25, and 28 of the notice of deposition.
BY THE COURT Hon. Andre M. Kocay, J. CT Page 13342