## UPPER OCCOQUAN SEWAGE AUTHORITY *v.* EMCOR GROUP, INC.
## (AC 24636)

Schaller, Flynn and Peters, Js.

---

Argued September 10—officially released November 23, 2004

*Daniel J. Klau*, with whom, on the brief, was *Gary F. Sheldon*, for the appellant (Emcor Group, Inc.).

*Dominic Fulco III*, with whom was *Peter K. Rydel*, for the appellee (applicant).

*Opinion*

FLYNN, J. Emcor Group, Inc. (Emcor), which has a place of business in Connecticut, appeals from the trial court's order denying its motion to quash a subpoena duces tecum issued by the court in connection with a Virginia action in which Emcor is not a party. Specifically, Emcor claims that General Statutes §§ 52-148 and 55-155 should be read together, and, accordingly, under these statutes, the trial court improperly issued a subpoena for the deposition of Emcor on terms inconsistent with those that the Virginia court authorized in its order appointing a commissioner to take the deposition in Connecticut. We do not reach the merits of Emcor's claims because we lack subject matter jurisdiction to hear this appeal.

The following facts and procedural history, as reflected in the record, are relevant to this appeal. Upper Occoquan Sewage Authority (Occoquan) is the defendant in a pending contract action in the commonwealth of Virginia, *Blake Construction Co./Poole & Kent, a Joint Venture* v. *Upper Occoquan Sewage Authority*, Law No. 206595 (Circuit Court, Fairfax County) (Virginia action). Emcor is a Delaware corporation based in Norwalk, Connecticut, and is the parent corporation of Poole & Kent. On July 31, 2003, at the request of Occoquan, the Virginia court issued an order commissioning a Connecticut attorney to take the deposition of Emcor on August 13, 2003. Nine days after the date scheduled in the Virginia order for the taking of the deposition, Occoquan submitted an application, on August 22, 2003, in the Connecticut Superior Court for an order authorizing the issuance of a subpoena duces tecum to take the testimony of and to require the production of documents from Emcor. On September 2, 2003, the trial court granted the application and authorized the issuance of the subpoena. Emcor subsequently filed a motion to quash the subpoena. Ruling from the bench, the court denied the motion to quash on September 16, 2003. This appeal, which concerns the trial court's decision denying the motion to quash, followed.[1]

I

We first address the issue of mootness. At oral argument, Emcor asserted that the case on appeal is moot.

[1] On August 25, 2004, we ordered the parties to be prepared to address at oral argument: "Whether Emcor Group, Inc. has a right, pursuant to General Statutes § 52-263, to seek review of the trial court's decision denying its motion to quash by way of an appeal or whether this appeal should be dismissed for lack of subject matter jurisdiction because Emcor Group, Inc. should have sought review by way of a writ of error. See *State* v. *Salmon*, [supra, 250 Conn. 147] (nonparty to underlying action has no right to appellate review under § 52-263); see also *Seymour* v. *Seymour*, [supra, 262 Conn. 107]."

Specifically, Emcor asserts that the Virginia action has ended, and thus this appeal is moot. We disagree.

"Mootness implicates the court's subject matter jurisdiction and is thus a threshold matter for us to resolve. . . . It is a well-settled general rule that the existence of an actual controversy is an essential requisite to appellate jurisdiction; it is not the province of appellate courts to decide moot questions . . . . The test for determining mootness is not [w]hether the [plaintiff] would ultimately be granted relief . . . . The test, instead, is whether there is any practical relief this court can grant the appellant." (Citation omitted; internal quotation marks omitted.) *Russo* v. *Common Council*, 80 Conn. App. 100, 105, 832 A.2d 1227 (2003).

The following additional facts are relevant to the resolution of this threshold issue. After Emcor failed to comply with the subpoena, Occoquan moved to compel Emcor to produce documents and testimony under the subpoena. On September 30, 2003, Emcor appealed that order, thus occasioning an automatic stay.[2] On October 1, 2003, Occoquan filed a motion to terminate the automatic stay, which the court granted. In its brief to this court, Occoquan acknowledged that Emcor has been deposed and has produced documents responsive to the subpoena, but claims that Emcor failed to comply fully with the terms of the subpoena. Therefore, Occoquan filed a second motion to compel on March 8, 2004. On May 6, 2004, the court denied that motion. In response, Occoquan filed a motion to reargue.

The matter on appeal is not moot. The parties agree that the Virginia action has been bifurcated between

---

[2] Practice Book § 61-11 (a) provides, in relevant part, that "[e]xcept where otherwise provided by statute or other law, proceedings to enforce or carry out the judgment or order appealed from shall be automatically stayed until the time to take an appeal has expired. If an appeal is filed, such proceedings shall be stayed until the final determination of the cause. . . ."

liability and damages, and while the liability phase of the trial has concluded, the damages phase, which concerns the issue of what damages flowed from that liability, is still pending. The documents that Occoquan sought in its second motion to compel are relevant to the damages phase of the pending Virginia action. Furthermore, after the second trial there is the possibility of an appeal of any final Virginia judgment. Therefore, there is an actual controversy to which this court can grant practical relief.

In addition to the ongoing nature of the Virginia action, the action in Connecticut also is pending. Because Emcor continues to challenge the subpoena as to some of the documents that it has been ordered to produce, it is still aggrieved by the court's decision denying its motion to quash the subpoena. Occoquan also continues to challenge Emcor's motion to quash the subpoena. After the court's decision to deny Occoquan's second motion to compel, Occoquan filed its motion to reargue, which is still pending. We conclude that the issue on appeal is not moot, and therefore we next turn to the issue of jurisdiction to hear Emcor's appeal.

II

Emcor asserts that this appeal should not be dismissed for lack of subject matter jurisdiction. Specifically, Emcor asserts that this court has jurisdiction to decide the merits of the appeal because Emcor has the right to direct appeal pursuant to General Statutes § 52-263. We disagree, and conclude that Emcor is not a party to the underlying action, and, thus, has no right to bring a direct appeal. Accordingly, we dismiss this appeal for lack of subject matter jurisdiction.

We begin by setting forth the standard of review. This appeal involves a question of statutory interpretation, which is a question of law, and, therefore, our standard

of review is de novo. *Garcia* v. *ITT Hartford Ins. Co.*, 72 Conn. App. 588, 592, 805 A.2d 779 (2002).

Pursuant to § 52-263, "[u]pon the trial of all matters of fact in any cause or action in the Superior Court . . . if either *party* is aggrieved by the decision of the court . . . he may appeal . . . from the final judgment of the court. . . ." (Emphasis added.) In order to establish a right to appellate review pursuant to § 52-263, an appellant must meet the following bright-line test in the following sequence: "(1) it was a party to the underlying action; (2) it was aggrieved by the trial court decision; and (3) the appeal is from a final judgment." *State* v. *Salmon*, 250 Conn. 147, 162–63, 735 A.2d 333 (1999).

Because each prong must be met independently, Emcor's failure to satisfy the first prong is fatal to this appeal. Id., 164–65. Although Emcor is the parent corporation of a party to the Virginia action, it is a not a party to the underlying Virginia action. Because Emcor is not a party to the underlying action, it has no right to appellate review under § 52-263. The proper method for obtaining relief, in this case, would be to file a writ of error. See *Seymour* v. *Seymour*, 262 Conn. 107, 115, 809 A.2d 1114 (2002).

Emcor asserts that the holding in *Salmon* is limited to its facts and that *Lougee* v. *Grinnell*, 216 Conn. 483, 582 A.2d 456 (1990), overruled in part by *State* v. *Salmon*, supra, 250 Conn. 154–55, still applies, thereby rendering the court's denial of its motion to quash improper. In *State* v. *Salmon*, supra, 152–62, our Supreme Court interpreted the language of § 52-263. The issue in *Salmon* was whether a bail bondsman, who was a nonparty to the underlying criminal action, could appeal, pursuant to § 52-263, from the trial court's order to forfeit the criminal defendant's bond. The Supreme Court determined that under § 52-263, the term "party" is limited to the parties in the underlying

action. Accordingly, the court dismissed the appeal because the bondsman was not a party to the underlying criminal action. The basic facts in *Lougee* are similar in theme, but unlike the facts in *Salmon*, dealt with an ancillary statutory relief in Connecticut that was connected to the prosecution of an action in a sister state. The appellant in *Lougee* had been subpoenaed in Connecticut to appear at a deposition in connection with an action pending in Texas between the appellee and the American Tobacco Company, of which Lougee had been the chief executive. The appellant filed a motion in the Superior Court of this state to quash the subpoena. The court denied the motion, and the Supreme Court affirmed the judgment.

In defining the meaning of the term "party" for purposes of § 52-263, the court in *Salmon* stated that to the extent that previously decided cases, including *Lougee* v. *Grinnell*, supra, 216 Conn. 483, "imply that a person or legal entity that is not a party to the underlying action constitutes a party for purposes of appellate review pursuant to § 52-263, those precedents are mistaken and are . . . overruled." *State* v. *Salmon*, supra, 250 Conn. 155. Despite this, Emcor explains the different results in *Salmon* and *Lougee* by stating that the underlying action in the present case, as in *Lougee*, is not the foreign action, but the Connecticut action. Emcor claims that it *is* a party to the underlying action because the relevant underlying action is the Connecticut action, to which it is a party, and not the Virginia action, to which it is not a party. The subpoena issued by the trial court did not initiate a new action independent of the Virginia action. *Lougee* does not apply in the present case.

Contrary to Emcor's contention, *Salmon*, not *Lougee*, controls in the present case. *Salmon* makes clear that it overrules *Lougee* to the extent that *Lougee* holds that a nonparty to the underlying action has the right to

appeal pursuant to § 52-263. Id. The court in *Salmon* explained that because the question of party status was not explicitly addressed in *Lougee*, *Lougee* should not be understood to support the proposition that an entity that is not a party to the underlying action is a party for purposes of § 52-263. Id. 160–62. We conclude, therefore, that Emcor is not entitled to appellate review pursuant to § 52-263 because it is not a party to the underlying action in Virginia.

The appeal is dismissed.

In this opinion the other judges concurred.