BRIAN C. HENNESSEY *v.* BRISTOL HOSPITAL ET AL.
(14727)

BORDEN, BERDON, NORCOTT, KATZ and PALMER, Js.

Argued May 6—decision released June 8, 1993

*Henry A. Salton,* assistant attorney general, with whom, on the brief, were *Richard Blumenthal,* attorney general, and *Richard J. Lynch,* assistant attorney general, for the appellant (commissioner of health services).

*James A. Wade,* with whom, on the brief, was *Sally S. King,* for the appellee (plaintiff).

PER CURIAM. The underlying action in this appeal is a suit for an injunction to restrain compliance with an administrative subpoena. The purported intervenor in this case, Susan S. Addiss, the commissioner of the department of health services (commissioner), appeals from the judgment of the trial court, *Schaller, J.,* denying her motion to intervene.[1] We reverse the judgment, and remand the case for further proceedings.

The commissioner was conducting an investigation, pursuant to General Statutes § 19a-14 (a) (10),[2] regard-

[1] The commissioner appealed from the judgment of the trial court to the Appellate Court, and we transferred the appeal to this court pursuant to Practice Book § 4023 and General Statutes § 51-199 (c).

[2] General Statutes § 19a-14 (a) (10) provides: "POWERS OF DEPARTMENT CONCERNING REGULATED PROFESSIONS. (a) The department of health services shall have the following powers and duties with regard to the boards and commissions listed in subsection (b) which are within the department of health services. The department shall . . .

"(10) Conduct any necessary review, inspection or investigation regarding qualifications of applicants for licenses or certificates, possible violations of statutes or regulations, and disciplinary matters. In connection with any investigation, the commissioner of health services or said commissioner's authorized agent may administer oaths, issue subpoenas, compel testimony and order the production of books, records and documents. If any person refuses to appear, to testify or to produce any book, record or document when so ordered, a judge of the superior court may make such order as may be appropriate to aid in the enforcement of this section."

ing the plaintiff, Brian C. Hennessey, a physician on the staff of the defendant Bristol Hospital.[3] The commissioner issued, pursuant to § 19a-14 (a) (10), a subpoena duces tecum to the president of the hospital requesting production of certain documents regarding the plaintiff.

The plaintiff thereupon brought this action for a temporary and permanent injunction restraining the defendant from complying with the subpoena. The substantive bases of the complaint are that the documents sought are privileged, and that disclosure of the documents would violate both an express agreement by the defendant that they would remain confidential and the plaintiff's privacy rights. The plaintiff secured an ex parte temporary order from the trial court, *Aronson, J.,* restraining the defendant from complying with the subpoena, and an order to show cause directed to the defendant. The commissioner was not made a party to or given notice of any of these proceedings.

Having learned from the defendant that it could not comply with the subpoena due to the temporary order,[4] the commissioner: (1) filed a separate action in the trial court for enforcement of her subpoena; see General Statutes § 1-3b; requesting in part that the temporary order restraining compliance with the subpoena be vacated;[5] and (2) moved in this injunction action to consolidate this action with her enforcement action. Ultimately, three matters came before the trial court, *Schaller, J.:* (1) the show cause order that had been

[3] An additional defendant in the trial court was a law firm apparently counseling the defendant hospital with regard to the subpoena at issue in this case. That law firm has not participated in this appeal. We refer herein to the hospital as the defendant.

[4] Also, the defendant could not provide copies of the pleadings or orders of the court to the commissioner because the plaintiff had filed all papers with the notation, "Filed Under Seal," and had moved to have the file sealed.

[5] The separate action for enforcement of the subpoena remains pending in the trial court.

issued by Judge Aronson; (2) the commissioner's motion to consolidate this injunction action with her enforcement action; and (3) the plaintiff's motion to seal this file and for permission to file papers under seal.

The trial court: (1) examined the subpoenaed documents in camera; (2) ruled that the plaintiff had established a substantial claim of privilege;[6] (3) denied the commissioner's motion to consolidate; (4) granted the plaintiff's motion to seal the file and to file papers under seal; and (5) continued the temporary order that had been issued by Judge Aronson. Thereafter, the commissioner moved, pursuant to Practice Book §§ 85 and 99,[7] to intervene in this action, on the grounds that: (1) she is a necessary party to the injunction action; (2) she has a direct interest in the production of the records that is adverse to that of the plaintiff; and (3) she has a direct interest in the production of the records that will be affected by the judgment restraining their disclosure.

---

[6] Upon subsequent articulation, the trial court stated that the documents it had examined in camera at the hearing "demonstrate that, as part of his reappointment process [to the staff of the defendant hospital], the plaintiff submitted to extensive physical and psychiatric examinations upon the understanding that the reports thereof would be held in confidence by the persons specifically authorized to receive them. A review of those exhibits indicates that the privileges provided by [General Statutes §] 52-146d et seq. and [§] 52-146o apply." In general, these statutes provide for the patient-psychiatrist privilege.

[7] Practice Book § 85 provides: "INTERESTED PERSONS AS DEFENDANTS

"Any person may be made a defendant who has or claims an interest in the controversy, or any part thereof, adverse to the plaintiff, or whom it is necessary, for a complete determination or settlement of any question involved therein, to make a party."

Practice Book § 99 provides: "ADDITIONAL PARTIES SUMMONED IN BY COURT

"The court may determine the controversy as between the parties before it, if it can do so without prejudice to the rights of others; but, if a complete determination cannot be had without the presence of other parties, the court may direct that they be brought in. If a person not a party has an interest or title which the judgment will affect, the court, on his motion, shall direct him to be made a party."

The court denied the commissioner's motion to intervene. This appeal followed.

The trial court improperly denied the commissioner's motion to intervene. "If a person not a party has an interest or title which the judgment will affect, the court, on his motion, shall direct him to be made a party." Practice Book § 99. Furthermore, "[a]ny person who may be directly or indirectly interested in, or affected by, the granting of any temporary or permanent injunction, may appear and be heard with regard to granting or dissolving the same." General Statutes § 52-474. The commissioner, as the party who had issued the subpoena that the defendant had been enjoined from obeying, has an interest that the judgment affected. Under these circumstances, the conclusion is inescapable that the commissioner is entitled, as a matter of right, to be made a party to these injunction proceedings.

Despite the plaintiff's arguments to the contrary, we do not decide in this appeal whether the commissioner is entitled to obtain the documents that she seeks. We do not decide here whether the plaintiff's asserted privilege applies; if the privilege applies, what procedures the trial court should employ to protect it; or any other questions that the litigation, with the presence of the commissioner as a party, may engender. We decide only that the commissioner should have been permitted to intervene.

Nor are we persuaded that the presence of the commissioner's separate action for enforcement of her subpoena is sufficient to protect her interest. If anything, that factor cuts the other way. If she were to prevail in that action and secure an order enforcing the subpoena, the defendant would then be faced with conflicting orders: (1) the injunction in this action, from which the commissioner could not appeal because she would

not be a party; and (2) the enforcement order in the other action. That would place the commissioner in a potentially untenable position.

The order denying the motion to intervene is reversed, and the case is remanded with direction to grant the motion to intervene, and for further proceedings according to law.