## LINDA KENNEDY *v.* QVC NETWORK, INC., ET AL.
### (15913)

Dupont, C. J., and O'Connell, Foti, Lavery, Landau, Heiman, Schaller, Spear and Hennessy, Js.

Argued September 18—officially released December 24, 1996

*Donald E. Weisman*, pro se, the appellant.

*William B. Collins*, for the appellee (plaintiff).

DUPONT, C. J. In this appeal, a nonparty aggrieved by an order of the trial court seeks reversal of that order. The question to be determined is whether a nonparty must pursue redress by way of a writ of error rather than by direct appeal. This court ordered the parties and the aggrieved nonparty to attend our motion calendar hearing to show cause "why the appeal should not be dismissed because review by way of an appeal is not available to a nonparty," citing *Bergeron* v. *Mackler*, 225 Conn. 391, 391 n.1, 623 A.2d 489 (1993).[1]

The plaintiff in this case retained the appellant, Donald E. Weisman, as her attorney, to represent her in a

---

[1] Footnote 1 of *Bergeron* v. *Mackler*, supra, 225 Conn. 391 n.1, states that the plaintiffs in error (the aggrieved nonparties) correctly pursued a writ of error because, as nonparties, their claim could not be reviewed by way of appeal.

personal injury action. She subsequently discharged him and hired another attorney after Weisman had expended time and money on her behalf. The plaintiff then brought an action against the defendants and, in that action, filed a motion "for release of file" directed to Weisman. After a hearing, the trial court ordered Weisman to surrender the plaintiff's file within twenty-one days of receipt of a letter from the successor attorney "insuring that all proceeds from any judgment or settlement in this case in favor of the plaintiff, Linda Kennedy, would be escrowed until final resolution of the matter." Weisman has appealed from that order.

It is well settled that if there is no statutory right of appeal,[2] or if there is no right to a petition for review,[3] an appellant must use a writ of error to obtain review of an adverse final judgment.[4] *Cannavo Enterprises, Inc.* v. *Burns,* 194 Conn. 43, 48, 478 A.2d 601 (1984). We conclude, on the basis of *Bergeron,* that Weisman has no statutory right of appeal because, although he is aggrieved, he is a nonparty, and as such should have sought a writ of error.[5]

In determining that *Bergeron* controls this case, we first conclude that other related cases in which direct

[2] Review by way of appeal is governed, in general, by General Statutes § 52-263 which provides in relevant part: "Upon the trial of all matters of fact in any cause or action in the superior court . . . if either party is aggrieved by the decision of the court . . . he may appeal . . . from the final judgment of the court . . . ."

[3] Petitions for review may be filed to obtain review of three types of orders: orders concerning bail; General Statutes § 54-63g; orders concerning disclosure of grand jury proceedings; General Statutes § 54-47g (a); and court closure orders. General Statutes § 51-164x.

[4] A final judgment is required for review, regardless of whether the procedural vehicle is an appeal or a writ of error. *Bergeron* v. *Mackler,* supra, 225 Conn. 391 n.1. In this case, the appellant does seek review of a final judgment because the order requiring him to surrender the file concludes his rights in this respect and further proceedings in the action cannot affect him.

[5] General Statutes § 52-272 provides that writs of error may be "brought . . . to the Supreme Court." If a writ of error is the proper way to obtain review, it is the Supreme Court that has jurisdiction.

appeals were taken, do not apply. In *Lougee* v. *Grinnell*, 216 Conn. 483, 582 A.2d 456 (1990), and *In re Mongillo*, 190 Conn. 686, 461 A.2d 1387 (1983), direct appeals, rather than writs of error, were brought. In both cases, the appellants were not parties to existing Connecticut trial court actions, and were the only parties to an independent trial court proceeding in which the court had issued an order adverse to them that finally concluded the Connecticut proceedings. In *Lougee*, the court denied a motion to quash a subpoena issued in connection with proceedings in Texas. In *Mongillo*, the court issued an order fining the appellant for being late for a court proceeding. The present case and *Bergeron* are distinguishable from *Lougee* and *Mongillo* because the orders sought to be reviewed in *Bergeron* and in this case were not made in the context of a proceeding that was entirely independent from a pending Superior Court action. In the present case, as in *Bergeron*, the appellant is a nonparty in an action involving others in which an order was issued that directly affected the appellant.

We conclude that cases such as *Hennessey* v. *Bristol Hospital*, 225 Conn. 700, 626 A.2d 702 (1993), and *In re Baby Girl B.*, 224 Conn. 263, 681 A.2d 1 (1992), are also not controlling. In such cases "would-be parties" were allowed to obtain review of a denial of motions to intervene in trial court actions by direct appeal rather than by writ of error. Such "would-be parties" implicitly agree that, if they are allowed to intervene, they will be bound by any judgment the trial court may eventually render. That fact distinguishes disappointed intervenors from the aggrieved persons in *Bergeron* and in the present case.

In short, we find this case distinguishable from the independent proceedings that underlay both *Lougee* and *Mongillo*, and we find the intervenor cases irrelevant to this case. We discern no meaningful distinction

between the appellant in the present case and the appellant in *Bergeron,* and we hold that where a nonparty is aggrieved by a ruling made in the context of an ongoing action, that person's remedy is by writ of error rather than appeal.

The appeal is dismissed.

In this opinion the other judges concurred.