SECURITY MUTUAL LIFE INSURANCE COMPANY OF NEW YORK *v.* KINGS WEST LIMITED PARTNERSHIP ET AL.
(AC 18899)

Lavery, Spear and Freedman, Js.

Argued June 2—officially released December 14, 1999

*Edward T. Krumeich*, for the appellant (receiver).

*Bernard Green*, with whom, on the brief, was *Marni Smith Katz*, for the appellee (named defendant).

*Opinion*

FREEDMAN, J. This is an appeal by CB Commercial/ Hampshire, LLC, as receiver of rents for property that was the subject of a mortgage foreclosure action, from the decision of the trial court with respect to the receiver's final accounting and dismissal. We dismiss the receiver's appeal.

The following facts are relevant to this appeal. The plaintiff, Security Mutual Life Insurance Company of New York, brought this foreclosure action against the defendant Kings West Limited Partnership (Kings West) and other defendants to foreclose a mortgage on a commercial office building owned by Kings West in Southport. On June 7, 1996, the trial court entered an order, pursuant to a stipulation of the parties, appointing CB Commercial/Hampshire, LLC, as receiver of rents (receiver). The receiver was not a party to the underlying foreclosure action. The receiver, however, has appealed from the trial court's order disallowing two items in the receiver's final accounting.

Following oral argument in this case, our Supreme Court decided *State* v. *Salmon*, 250 Conn. 147, 152, 735 A.2d 333 (1999), holding that review by way of an appeal pursuant to General Statutes § 52-263[1] is available only to parties to an underlying action. This court thereafter

---

[1] General Statutes § 52-263 provides: "Upon the trial of all matters of fact in any cause or action in the Superior Court, whether to the court or jury, or before any judge thereof when the jurisdiction of any action or proceeding is vested in him, if either party is aggrieved by the decision of the court or judge upon any question or questions of law arising in the trial, including the denial of a motion to set aside a verdict, he may appeal to the court having jurisdiction from the final judgment of the court or of such judge, or from the decision of the court granting a motion to set aside a verdict, except in small claims cases, which shall not be appealable, and appeals as provided in sections 8-8 and 8-9."

ordered the parties to file supplemental briefs addressing the effect of *Salmon* on this appeal.[2] We now conclude that the appeal must be dismissed pursuant to *Salmon*.

In *State* v. *Salmon*, supra, 250 Conn. 147, our Supreme Court considered whether a bail bond company, which was not a party to the underlying criminal action, could appeal pursuant to § 52-263, from the trial court's order to forfeit its bond. The court concluded that, as a nonparty, the bail bond company had no such right to appeal. Id., 162. Following a lengthy discussion regarding the parameters of the "party" requirement of § 52-263, the court in *Salmon* concluded that the term party is limited to parties to the underlying action.[3] Id. The court next adopted "a bright-line test requiring the appellant, in order to establish a right of appellate review pursuant to § 52-263, to establish in the following sequence that: (1) it was a party to the underlying action; (2) it was aggrieved by the trial court decision; and (3) the appeal is from a final judgment." Id., 162–63.

Although it was not a plaintiff or a defendant in the foreclosure action, the receiver claims, inter alia, that it has standing to appeal under § 52-263 because it was a party to the accounting procedure that was ancillary to and a part of the underlying foreclosure action. The receiver argues that as an "arm of the court," it has a duty to account to the court and has standing to be deemed a "party" to the accounting. The receiver further argues that by virtue of this court's "inherent supervisory authority over the administration of justice," we may exercise jurisdiction over this appeal. We disagree.

[2] The parties were ordered to address whether, in light of *State* v. *Salmon*, supra, 250 Conn. 147, "this appeal must be dismissed for lack of jurisdiction because the receiver was not a party to the underlying action."

[3] In so holding, our Supreme Court overruled certain earlier precedents "[t]o the extent that those precedents imply that a person or legal entity that is not a party to the underlying action constitutes a party for purposes of appellate review pursuant to § 52-263 . . . ." *State* v. *Salmon*, supra, 250 Conn. 155.

As previously stated, *State* v. *Salmon*, supra, 250 Conn. 147, clearly provides that only a party to the underlying action may appeal pursuant to § 52-263. Because the receiver was not a party to the underlying foreclosure action, *Salmon* requires that the present appeal be dismissed.[4] See also *Hartford Federal Savings & Loan Assn.* v. *Tucker*, 13 Conn. App. 239, 251–52, 536 A.2d 962, cert. denied, 207 Conn. 805, 540 A.2d 373 (1988) (committee of sale in foreclosure action, which functions as "arm of the court," does not have standing to challenge award of fees and expenses that were less than those sought by committee).[5]

The appeal is dismissed.

In this opinion the other judges concurred.

---

[4] We note, however, that although the receiver does not have a right to appellate review pursuant to § 52-263, the remedy of a writ of error is not categorically foreclosed for untimeliness. See *State* v. *Salmon*, supra, 250 Conn. 167 n.20; see also *Kennedy* v. *QVC Network, Inc.*, 43 Conn. App. 851, 686 A.2d 997 (1996).

[5] In *Hartford Federal Savings & Loan Assn.* v. *Tucker*, supra, 13 Conn. App. 251 n.8, we stated that "[b]oth the receiver of rents . . . and the committee of sale . . . have filed appearances in connection with this appeal. There is no indication in the record, however, that either was a party in the action. As a result of the lack of status as parties, for the purposes of this appeal, we have treated the briefs of both the receiver of rents and the committee of sale as amicus curiae briefs."