BRENDEN P. LEYDON *v.* TOWN OF
GREENWICH ET AL.
(AC 18709)

O'Connell, C. J., and Lavery and Mihalakos, Js.[1]

---

[1] The listing of judges reflects their seniority status on this court as of the date of oral argument.

Argued November 29, 1999—officially released May 16, 2000

*Peter A. Thalheim*, pro se, the appellant.

*Gregory T. D'Auria*, assistant attorney general, with whom, on the brief, was *Carolyn K. Querijero*, assistant attorney general, for the appellee (Richard Blumenthal, attorney general).

*Opinion*

O'CONNELL, C. J. Peter A. Thalheim attempts to appeal from the trial court's order to show cause and the court's imposition of sanctions against him in the underlying matter, *Leydon* v. *Greenwich*, 57 Conn. App. 712, 750 A.2d 1122 (2000). Because the appellant was not a party to that action, this court lacks jurisdiction, and the appeal is dismissed.

The following facts and procedural history are relevant to our resolution of this appeal. In April, 1995, Brenden P. Leydon filed an amended complaint challenging an ordinance of the defendant town of Greenwich (town) that restricts use of its public parks and public beaches to residents of the town. On August 30,

1995, the trial court ordered that notice be published inviting interested parties to apply to the court to be made parties to that action. The court's order required Leydon to publish the notice prior to September 29, 1995, in the Greenwich Time newspaper and further stated that any person desiring to be made a party to the action must apply within twenty-one days of the publication date. Thalheim did not move to intervene to become a party.

The court heard the underlying case in early 1998 with final arguments scheduled for March 26, 1998. On March 23, 1998, the trial judge received, by hand delivery through the clerk's office, a twenty-three page "Amicus Memorandum of Law In Opposition Of Relief Claimed By Plaintiff," signed by Thalheim. Although the appellant is an attorney admitted to the practice of law in this state, his brief did not identify him as purporting to represent any party in the action, nor did it represent that he had filed an appearance in the case or had been granted permission to file an amicus curiae brief. On March 26, 1998, the court discussed the receipt of the brief with the attorneys in the case. The consensus was that the court should not read the brief, and it did not do so.[2]

On July 8, 1998, the court rendered judgment for the defendants in the underlying action and on July 22, 1998, issued an order to the appellant to appear and show cause why he should not be sanctioned for filing an amicus curiae brief without following the rules of practice. The court held that an amicus curiae brief could not be filed without first obtaining permission

---

[2] The court stated: "I have not decided yet what I am doing about the improperly filed amicus curiae brief, but I intend to do something. I will definitely not read it, but I have a lawyer who has not requested permission to file an amicus curiae, and I think it needs to be addressed. So, at some point, I will do that, probably after I render [a] decision."

from the court.[3] At the July 22, 1998 show cause hearing, the court ordered Thalheim to read the Connecticut Practice Book, to listen to audiocassettes available from the Connecticut Bar Association pertaining to civil practice and procedure in Connecticut courts, and to certify to the court within four months that he had listened to the tapes and read the entire Connecticut Practice Book, including the rules concerning professional conduct.

Thalheim attempts to appeal from the court's imposition of the sanction and raises eleven issues for our consideration. The appeal is dismissed.

We commence our analysis by noting that this is not a separate and distinct proceeding, but one brought within the framework of the underlying *Leydon* v. *Greenwich* case. Appeals from the Superior Court to this court are governed by General Statutes § 52-263, which expressly provides that appeals may be taken by an aggrieved party.[4]

After this appeal was fully briefed, our Supreme Court decided *State* v. *Salmon*, 250 Conn. 147, 167, 735 A.2d 333 (1999) (en banc), in which the court clarified that only an actual party to the underlying action may file an appeal. *Salmon* was a criminal case in which a bondsman was attempting to appeal from the trial court's denial of his motions for rebate of a forfeited bond and release from the bond. Id., 151. *Salmon* controls our decision here. Because Thalheim was not a party to the underlying action, he has no right of appellate review

---

[3] Thalheim disagrees with the court. In view of our disposition of this matter, we do not reach this issue.

[4] General Statutes § 52-263 provides in relevant part: "Upon the trial of all matters of fact in any cause or action in the Superior Court . . . if either party is aggrieved by the decision of the court or judge upon any question or questions of law arising in the trial . . . he may appeal to the court having jurisdiction from the final judgment of the court. . . ."

pursuant to § 52-263. Accordingly, the present attempted appeal is not proper and must be dismissed.

The appeal is dismissed.

In this opinion the other judges concurred.