******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

M.U.N. CAPITAL, LLC *v.* NATIONAL HALL
PROPERTIES, LLC, ET AL.
(AC 36736)

Beach, Mullins and Bishop, Js.

*Argued October 15, 2015—officially released March 1, 2016*

(Appeal from Superior Court, judicial district of
Stamford-Norwalk, Hon. David R. Tobin, judge trial
referee.)

*Jack E. Robinson*, for the appellant (defendant
National Hall Capital, LLC).

*Jonathan L. Adler*, for the appellee (plaintiff).

*Opinion*

PER CURIAM. The former defendant, National Hall Capital, LLC,[1] appeals from the judgment of the trial court dismissing its motion to open and to vacate a 2010 judgment of strict foreclosure regarding property located at, inter alia, 6 Wilton Road in the town of Westport, to which it was not a party and by which it was not bound. The former defendant claims that the plaintiff in the 2010 foreclosure action, M.U.N. Capital, LLC, did not have standing to initiate and proceed with the foreclosure, and, therefore, the trial court never had subject matter jurisdiction over the action. The former defendant seeks to have the foreclosure judgment opened and vacated, with the hope that it then will be able to open and vacate a 2010 summary process default judgment that was rendered against it, which resulted in the termination of its leasehold interest in the Wilton Road property.[2]

Following oral argument in this appeal, we asked the parties to submit simultaneous supplemental briefs addressed to the following: "1. Whether National Hall Capital, LLC, a nonparty to the underlying foreclosure action, had standing to file a motion to open the foreclosure judgment? 2. Whether a nonparty can appeal the dismissal of a motion to open a judgment in a case in which it was not a party? 3. What practical relief can this court provide to National Hall Capital, LLC, in this appeal?"[3] We conclude that we lack subject matter jurisdiction over this appeal. Accordingly, the appeal is dismissed.

Initially, we determine whether the former defendant is a proper party to this appeal. "A threshold inquiry of this court upon every appeal presented to it is the question of appellate jurisdiction. . . . It is well established that the subject matter jurisdiction of the Appellate Court . . . is governed by [General Statutes] § 52-263, which provides that an aggrieved party may appeal to the court having jurisdiction from the final judgment of the court. . . . [O]nce the question of lack of jurisdiction of a court is raised, [it] must be disposed of no matter in what form it is presented . . . and the court must fully resolve it before proceeding further with the case. . . . If it becomes apparent to the court that such jurisdiction is lacking, the appeal must be dismissed." (Citation omitted; emphasis omitted; internal quotation marks omitted.) *Trumbull* v. *Palmer*, 123 Conn. App. 244, 249–50, 1 A.3d 1121, cert. denied, 299 Conn. 907, 10 A.3d 526 (2010).

Practice Book § 61-1 provides that "[a]n *aggrieved party* may appeal from a final judgment, except as otherwise provided by law." (Emphasis added.) Section 52-263 provides: "Upon the trial of all matters of fact in any cause or action in the Superior Court, whether to the court or jury, or before any judge thereof when

the jurisdiction of any action or proceeding is vested in him, if *either party* is aggrieved by the decision of the court or judge upon any question or questions of law arising in the trial, including the denial of a motion to set aside a verdict, he may appeal to the court having jurisdiction from the final judgment of the court or of such judge, or from the decision of the court granting a motion to set aside a verdict, except in small claims cases, which shall not be appealable, and appeals as provided in sections 8-8 and 8-9." (Emphasis added.)

In *State* v. *Salmon*, 250 Conn. 147, 153, 735 A.2d 333 (1999), our Supreme Court explained that § 52-263 "sets out three criteria that must be met in order to establish subject matter jurisdiction for appellate review: (1) the appellant must be a party; (2) the appellant must be aggrieved by the trial court's decision; and (3) the appeal must be taken from a final judgment." "Ordinarily, the word party has a technical legal meaning, referring to those by or against whom a legal suit is brought . . . the party plaintiff or defendant, whether composed of one or more individuals and whether natural or legal persons. . . . This definition of party . . . includes *only those who are parties to the underlying action*." (Citations omitted; emphasis added; internal quotation marks omitted.) Id., 154; see also *State* v. *Gault*, 304 Conn. 330, 332–33 and n.2, 39 A.3d 1105 (2012) (victim lacked standing to appeal order denying motion to extend sealing of affidavit in support of arrest warrant for criminal defendant because victim not considered party under § 52-263 in defendant's criminal case); *State* v. *Salmon*, supra, 148–49, 151–52 (appeal properly dismissed by Appellate Court because bail bond company that was surety on bond ordered forfeited could not appeal from trial court's order due to nonparty status; right to appeal limited to parties); *Jennings* v. *Connecticut Light & Power Co.*, 140 Conn. 650, 677, 103 A.2d 535 (1954) (Supreme Court of Errors will not answer question that affects rights of nonparty); *In re Application for Pro Hac Vice Admission of Reich*, 83 Conn. App. 432, 433, 851 A.2d 308 (2004) (because governor's former cochief of staff had not intervened in action in trial court, Appellate Court lacked jurisdiction over his appeal from trial court's decision to admit out-of-state attorney, pro hac vice, to serve as special counsel to select committee of inquiry, which was investigating grounds to impeach governor); *Leydon* v. *Greenwich*, 57 Conn. App. 727, 728–30, 750 A.2d 492 (2000) (nonparty attorney could not appeal order sanctioning him for improper filing of amicus curiae brief); *Security Mutual Life Ins. Co. of New York* v. *Kings West Ltd. Partnership*, 56 Conn. App. 44, 45, 47, 741 A.2d 329 (1999) (receiver of rents lacked standing to appeal order disallowing two items in final accounting in foreclosure action because receiver not party to foreclosure action), cert. denied, 252 Conn. 928, 746 A.2d 789 (2000).

In this case, the former defendant was not a party to the underlying foreclosure judgment. Indeed, before the case went to judgment in 2010, the plaintiff had withdrawn the action against the former defendant after the former defendant had claimed it was not a proper party to the proceedings. Thus, when the former defendant filed the motion to open and vacate the foreclosure judgment, it simply was not a party to the judgment it was seeking to have opened. Consequently, because the former defendant is not a party to the underlying foreclosure judgment in this case, it does not have standing to appeal, and we do not have subject matter jurisdiction over the appeal.

The appeal is dismissed.

[1] In the 2010 foreclosure proceedings, the plaintiff, M.U.N. Capital, LLC, named as defendants in the foreclosure action the owner of the property on which it was seeking to foreclose, National Hall Properties, LLC, and the lessee of the property, National Hall Capital, LLC, the former defendant. The former defendant claimed, however, that it was not a proper party to the foreclosure action, and, before the judgment of strict foreclosure was rendered in July, 2010, the plaintiff withdrew the action as to the former defendant and proceeded only against the named defendant, National Hall Properties, LLC. The former defendant did not challenge the standing of the plaintiff at that time.

[2] The plaintiff in the summary process complaint, Nathall 6W, LLC, alleged that the former defendant had failed to pay its rent for more than eleven months. The former defendant was defaulted for failure to appear, and a judgment for immediate possession was rendered on August 24, 2010, in favor of Nathall 6W, LLC, a wholly owned subsidiary of the plaintiff. The named defendant, National Hall Properties, LLC, had assigned to Nathall 6W, LLC, its rights, title and interest in all leases, rents, and security deposits related to the property leased by the former defendant. The former defendant did not appeal from that judgment.

[3] The former defendant's supplemental brief was filed late, and without a motion seeking permission to file a late brief. In a footnote in its supplemental brief, however, it contended that it, "for some reason," had not received the supplemental briefing order via mail in a timely manner. The plaintiff filed a motion to dismiss the appeal or, in the alternative, to strike the former defendant's supplemental brief. We denied the plaintiff's motion, and we have considered both supplemental briefs.