******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************

DEJAN ROBERT COKIC *v.* FIORE
POWERSPORTS, LLC, ET AL.
(AC 44368)

Alexander, Suarez and DiPentima, Js.

*Syllabus*

The plaintiff sought to recover damages from the defendants, including V
Co., for, inter alia, conversion, relating to the repair of a jet ski. The
trial court rendered judgment for the defendants. Thereafter, V Co. filed
a postjudgment motion for attorney's fees, alleging that the plaintiff
brought the claim against it in bad faith. The plaintiff objected to that
motion. The court ordered that the plaintiff's counsel, L, provide any
evidence found in discovery to explain why the plaintiff believed he
had a colorable claim against V Co. The plaintiff filed a response to that
order. Subsequently, and without scheduling a hearing, the court granted
V Co.'s motion for attorney's fees, stating that the plaintiff had provided
no evidence of a colorable claim. Thereafter, the court granted the
plaintiff's motion for clarification of its order granting attorney's fees
and specified that the order was against both the plaintiff and L, and
the plaintiff and L appealed to this court. *Held*:

1. This court dismissed the appeal in part to the extent it was brought by
   L in connection with the award of attorney's fees to V Co.; as L was
   not a party to the underlying action, the court lacked subject matter
   jurisdiction over his portion of the appeal.
2. The trial court erred in granting V Co.'s motion for attorney's fees; the
   plaintiff was denied the opportunity to be heard on the motion, as the
   court never held a hearing on the issue of attorney's fees.

Argued October 14, 2021—officially released January 11, 2022

*Procedural History*

Action to recover damages for, inter alia, a violation
of the Creditors' Collection Practices Act, brought to
the Superior Court in the judicial district of Ansonia-
Milford, and tried to the court, *Hon. Arthur A. Hiller*,
judge trial referee; judgment for the defendants; there-
after, the court granted the postjudgment motion for
attorney's fees filed by the defendant Village Marina,
LLC, and the plaintiff and Peter A. Lachmann appealed
to this court. *Appeal dismissed in part*; *reversed in
part*; *further proceedings*.

*Peter A. Lachmann*, for the appellant (plaintiff).

*Peter A. Lachmann*, self-represented, the appellant.

*Steven P. Kular*, for the appellee (defendant Village
Marina, LLC).

*Opinion*

SUAREZ, J. In this action, the plaintiff, Dejan Robert Cokic, brought various claims against multiple defendants seeking monetary damages in connection with the repair of a jet ski. The plaintiff and his attorney, Peter A. Lachmann, appeal from the judgment of the trial court awarding $893.75 in attorney's fees to the defendant Village Marina, LLC.[1] On appeal, the plaintiff and Lachmann both claim that the trial court erred in granting the motion for attorney's fees and raise seven issues for our consideration.[2] Insofar as the appeal was brought by Lachmann, the appeal is dismissed because Lachmann was not a party to the underlying action and, therefore, the court lacks jurisdiction over that portion of the appeal. Insofar as the appeal was brought by the plaintiff, however, the judgment of the trial court is reversed with respect to the award of attorney's fees, and the case is remanded for further proceedings on that issue.

The following facts, as found by the court, and procedural history are relevant to this appeal. A friend of the plaintiff brought a jet ski to Fiore Powersports, LLC (Fiore Powersports), for repair. The form that authorized the repairs listed Pruven Performance, Inc. (Pruven Performance), as the owner of the jet ski and the party responsible for payment. After the repairs were completed, an invoice was provided to Pruven Performance. One night, the jet ski was removed from Fiore Powersports, without payment or permission, and brought to the plaintiff's residence. Fiore Powersports commenced a small claims action against Pruven Performance to recover the cost of the repair work, and, on January 29, 2016, judgment was rendered in favor of Fiore Powersports in the amount of $1908.80.

In December, 2016, the plaintiff commenced the underlying action in this appeal against Fiore Powersports, its principal, Christopher Fiore, and the defendant. The plaintiff brought several claims against Fiore Powersports, Fiore, and the defendant related to the repair of the jet ski, including claims for conversion, fraud, and negligence, as well as claims under the Creditors' Collection Practices Act, General Statutes § 36a-645 et seq., and the Connecticut Unfair Trade Practices Act, General Statutes § 42-110a et seq. On July 30, 2019, after considering the plaintiff's claims during a bench trial, the court rendered judgment for Fiore Powersports, Fiore, and the defendant. In its memorandum of decision, with respect to the claims against the defendant, the trial court specifically found that "[n]o document, and no credible evidence ties or implicates . . . [the defendant] into or with the claims made by the plaintiff, with any contract or agreement with the plaintiff, with any work on the jet ski, or with any representation, statement or misstatement about the jet ski."

On September 3, 2019, the defendant filed a postjudgment motion for attorney's fees. The motion requested that the court "award attorney's fees against the plaintiff and or the plaintiff's counsel for bringing this action against . . . [the defendant] in bad faith." The plaintiff objected, arguing, inter alia, that the court did not give the plaintiff an opportunity to be heard on the issue of attorney's fees. On January 13, 2020, the court ordered that the plaintiff's counsel provide, by February 6, 2020, any evidence found in discovery to explain why the plaintiff believed that he would have a colorable claim against the defendant. The plaintiff filed a response to the order.

On October 14, 2020, without scheduling a hearing, the court granted the motion for attorney's fees and awarded $893.75 to the defendant. The plaintiff then sought clarification of the court's order granting attorney's fees to the defendant. In a memorandum of decision on the motion for clarification, the court stated that, following its order of January 13, 2020, in which it ordered the plaintiff to provide any evidence "indicating that [the defendant] has responsibility or ownership in this action," the plaintiff provided no such evidence. The court further stated that what the plaintiff did provide to the court in "claimed compliance [with the order] . . . totally failed."

The court also addressed the plaintiff's request to clarify "whether the order is against [the] plaintiff or [the] plaintiff's counsel." The court stated that the order was issued "against both the plaintiff and [the] plaintiff's counsel" because "[n]o facts known to the plaintiff or his counsel . . . would allow a reasonable person or a reasonable attorney to conclude that a colorable claim might be established against the defendant . . . ."

On November 5, 2020, the plaintiff and Lachmann filed this appeal from the decision of the court granting the motion for attorney's fees against both the plaintiff and Lachmann. The appeal form lists Lachmann as both a party to the appeal and appellate counsel.

On September 30, 2021, the appellate clerk notified the plaintiff and Lachmann to be prepared to address at oral argument whether the portion of the present appeal brought by Lachmann should be dismissed because he is not a party to the underlying action.

I

We first address whether the portion of the appeal brought by Lachmann should be dismissed because he was not a party to the underlying action. We conclude that, because Lachmann was not a party to the underlying action, this court lacks subject matter jurisdiction over his portion of the appeal, and therefore, it is dismissed.

We begin by setting forth legal principles governing

the right to appeal. "Appeals from the Superior Court to this court are governed by General Statutes § 52-263, which expressly provides that appeals may be taken by an aggrieved party." *Leydon* v. *Greenwich*, 57 Conn. App. 727, 730, 750 A.2d 492 (2000). Section 52-263 provides in relevant part: "[I]f either party is aggrieved by the decision of the court or judge upon any question or questions of law arising in the trial . . . he may appeal to the court having jurisdiction from the final judgment of the court . . . ." "[T]he statute explicitly sets out three criteria that must be met in order to establish subject matter jurisdiction for appellate review: (1) the appellant must be a party; (2) the appellant must be aggrieved by the trial court's decision; and (3) the appeal must be taken from a final judgment." *State* v. *Salmon*, 250 Conn. 147, 153, 735 A.2d 333 (1999).

In the present case, we focus on the first of these three criteria. "Ordinarily, the word party has a technical legal meaning, referring to those by or against whom a legal suit is brought . . . the party plaintiff or defendant, whether composed of one or more individuals and whether natural or legal persons. . . . This definition of party, which we also have labeled party status in court . . . includes only those who are parties to the underlying action." (Citations omitted; internal quotation marks omitted.) Id., 154. "[S]omeone not a party to the underlying action [has] no right of review pursuant to § 52-263." Id., 162. "[O]nly an actual party to the underlying action may file an appeal." *Leydon* v. *Greenwich*, supra, 57 Conn. App. 730.

This court has held that an attorney cannot appeal from an action in which he or she was not a party in order to challenge a sanction order in that underlying action. See id., 730–31. In *Leydon,* an attorney attempted to appeal from the court's imposition of sanctions against him in the underlying matter, *Leydon* v. *Greenwich*, 57 Conn. App. 712, 750 A.2d 1122 (2000), rev'd in part, 257 Conn. 318, 777 A.2d 552 (2001), which challenged an ordinance of the town of Greenwich that restricted the use of its public parks and public beaches to residents of the town. *Leydon* v. *Greenwich*, supra, 57 Conn. App. 728. The attorney, who did not represent a party in the underlying case, filed an amicus brief without requesting permission from the court. Id., 729. The court later issued an order to the attorney to "appear and show cause why he should not be sanctioned for filing an amicus curiae brief without following the rules of practice." Id. The court held that an amicus curiae brief could not be filed without first obtaining permission from the court and imposed on the attorney sanctions, which included reading the entire Connecticut Practice Book. Id., 729–30. The attorney attempted to appeal from the court's imposition of sanctions, but he did not initiate a separate proceeding; rather, he brought the appeal "within the framework of the underlying . . . case." Id., 730. The court dis-

missed the appeal because the attorney was not a party to the underlying action, and, thus, the court lacked subject matter jurisdiction over the appeal. Id., 730–31. We find *Leydon* v. *Greenwich*, supra, 57 Conn. App. 727, to be instructive in the present case.

It is undisputed that Lachmann was the plaintiff's attorney in the underlying action and has appealed from the court's order that he pay attorney's fees to the defendant. Although Lachmann was involved in the underlying action as an attorney, he was not a *party* in that case because he was not an individual "by or against whom [the] legal suit [was] brought . . . ." (Internal quotation marks omitted.) *State* v. *Salmon*, supra, 250 Conn. 154. Because Lachmann was not a party, he has no right of appellate review pursuant to § 52-263. Accordingly, the present appeal must be dismissed in part to the extent that it was brought by Lachmann.

## II

We next consider the plaintiff's claim that the court erred in granting the defendant's motion for attorney's fees.[3] The plaintiff argues, inter alia, that the court erred in failing to provide the plaintiff a hearing on the defendant's motion for attorney's fees. We agree.

We begin by setting forth the legal principles that apply to the plaintiff's claim. Our courts recognize both the American rule and the bad faith exception to the rule for attorney's fees. See *Maris* v. *McGrath*, 269 Conn. 834, 844, 850 A.2d 133 (2004). Under the American rule, "the prevailing litigant is ordinarily not entitled to collect a reasonable [attorney's] fee from the loser. . . . That rule does not apply, however, where the opposing party has acted in bad faith. . . . It is generally accepted that the court has the inherent authority to assess attorney's fees when the losing party has acted in bad faith, vexatiously, wantonly or for oppressive reasons. . . . This bad faith exception applies, not only to the filing of an action, but also in the conduct of the litigation. . . . It applies both to the party and his counsel. . . . Moreover, the trial court must make a specific finding as to whether counsel's [or a party's] conduct . . . constituted or was tantamount to bad faith, a finding that would have to precede any sanction under the court's inherent powers to impose attorney's fees for engaging in bad faith litigation practices." (Citations omitted; internal quotation marks omitted.) Id., 844–45. "[T]he task of determining whether sanctions should be imposed is inherently fact bound, and requires carefully circumscribed discretion to be exercised by the trial court." *Fattibene* v. *Kealey*, 18 Conn. App. 344, 362, 558 A.2d 677 (1989).

Despite the court's discretion in this area, "[a]s a procedural matter, before imposing any such sanctions, the court must afford the sanctioned party or attorney

a proper hearing on the . . . motion for sanctions. . . . There must be fair notice and an opportunity for a hearing on the record." (Citation omitted; internal quotation marks omitted.) *Maris* v. *McGrath*, supra, 269 Conn. 844.

In the present case, the defendant's motion for attorney's fees alleged that the plaintiff brought the claim in bad faith. The plaintiff objected to the defendant's motion for attorney's fees, arguing that he had not been given an opportunity to be heard on this issue. The court subsequently ordered the plaintiff to provide, in writing, evidence to indicate why the plaintiff believed that he would have a colorable claim against the defendant. The plaintiff provided evidence to the court in an attempt to comply with the order, but the court dismissed the evidence as unresponsive to its inquiry and later granted the defendant's motion for attorney's fees. The court, however, never held a hearing on the issue of attorney's fees. Accordingly, we conclude that the plaintiff was denied the opportunity to be heard on the motion for attorney's fees.

The appeal, insofar as it was brought by Lachmann, is dismissed; with respect to the appeal brought by the plaintiff, the judgment is reversed only as to the award of attorney's fees against the plaintiff and the case is remanded for a hearing on the issue of attorney's fees.

In this opinion the other judges concurred.

[1] There were three defendants in the underlying action—Fiore Powersports, LLC, its principal, Christopher G. Fiore, and Village Marina, LLC. After considering the plaintiff's claims during a bench trial, the court rendered judgment for the defendants. None of the defendants filed a brief in this appeal. On December 21, 2020, Village Marina, LLC, filed a notice of intent not to file a brief and simply requested that this court affirm the decision of the trial court. On February 11, 2021, following the final deadline for the defendants to file a brief, this court ordered that the appeal "will be considered on the basis of the [plaintiff's] brief and the record, as defined by Practice Book [§] 60-4, only." For convenience, we refer in this opinion to Village Marina, LLC, as the defendant. We refer to the other defendants by name.

[2] The plaintiff and Lachmann claim that the trial court erred in granting the motion for attorney's fees for the following reasons: (1) the motion was filed past the deadline imposed by Practice Book § 11-21; (2) the motion was not accompanied by contemporaneous time records; (3) the court failed to allow the plaintiff an opportunity to fully litigate the motion; (4) the motion sought attorney's fees only for filing the motion itself; (5) there was no clear evidence presented that the challenged actions were entirely without color; (6) the court ordered sanctions based on a single challenged event; and (7) the court ordered sanctions when no motion for sanctions had been filed.

[3] We note that this court does have subject matter jurisdiction over the appeal insofar as it was brought by the plaintiff, who is a party to the underlying action and is aggrieved by the sanction on appeal. See *Alpha Beta Capital Partners, L.P.* v. *Pursuit Investment Management, LLC*, 198 Conn. App. 671, 673, 234 A.3d 997 (2020). This court has recognized that a party may appeal from the trial court's order of sanctions in which the court awarded another party attorney's fees and litigation costs. See id., 673.