******************************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# DEJAN ROBERT COKIC *v.* FIORE POWERSPORTS, LLC, ET AL.
## (AC 48630)

Alvord, Moll and Suarez, Js.

*Syllabus*

The plaintiff appealed from the trial court's judgment denying his motion for review of taxation of costs to him and against the defendant. The plaintiff claimed that the court improperly excluded from its taxation of costs a certain amount previously ordered taxed to him by the appellate clerk and failed to tax the costs listed in a bill of costs he filed with the Superior Court. *Held*:

This court declined to review the plaintiff's claims as the claims were inadequately briefed, the plaintiff having failed to clearly and fully set forth his arguments, relied on abstract assertions without any analysis, failed to illustrate how the law he presented applied to the facts of the case, and failed to offer a standard of review for either of his claims as required by the rule of practice (§ 67-4) and, with respect to his claim regarding the costs taxed to him by the appellate clerk, he failed to explain why he could not seek to enforce the appellate clerk's taxation of costs.

Argued December 10, 2025—officially released February 3, 2026

*Procedural History*

Action to recover damages for, inter alia, the defendants' alleged violation of the Creditors' Collection Practices Act, brought to the Superior Court in the judicial district of Ansonia-Milford and tried to the court, *Hon. Arthur A. Hiller*, judge trial referee; judgment for the defendants; thereafter, the court granted the postjudgment motion for attorney's fees filed by the defendant Village Marina, LLC, and the plaintiff and Peter A. Lachmann appealed to this court, which dismissed the appeal in part, reversed the judgment in part and remanded the case for further proceedings; subsequently, the court, *Brown, J.*, granted the postjudgment motion for attorney's fees filed by the defendant Village Marina, LLC, and the plaintiff appealed to this court, which reversed the judgment and remanded the case with direction to deny the motion for attorney's fees filed by the defendant Village Marina, LLC, to reinstate the taxation of costs in

favor of the plaintiff and to render judgment thereon; thereafter, the court, *Bellis, J.*, denied the plaintiff's motion for review of taxation of costs, and the plaintiff appealed to this court. *Affirmed*.

*Peter A. Lachmann*, for the appellant (plaintiff).

*Opinion*

ALVORD, J. The plaintiff, Dejan Robert Cokic, appeals from the trial court's denial of his motion for review of taxation of costs to him and against the defendant Village Marina, LLC.[1] On appeal, the plaintiff claims that the trial court improperly (1) excluded from its taxation of costs $550 previously ordered taxed to him by the appellate clerk and (2) failed to tax the costs listed in his bill of costs filed on October 2, 2024. We affirm the judgment of the trial court.

This case has been the subject of two prior appeals; see *Cokic* v. *Fiore Powersports, LLC*, 209 Conn. App. 853, 269 A.3d 214 (2022); *Cokic* v. *Fiore Powersports, LLC*, 222 Conn. App. 216, 304 A.3d 179 (2023); and only the following procedural history is necessary to our resolution of this appeal. On November 3, 2023, after prevailing in his appeal challenging an award of attorney's fees, the plaintiff filed with the appellate clerk a motion for a bill of costs requesting costs in the amount of $550. The appellate clerk granted the motion on December 12, 2023, and issued an order providing: "Pursuant to Practice Book § 71-2, costs in the amount of $550 ($250 for the entry fee, $200 for brief photo-duplicating, and $100 for all proceedings) are taxed in

---

[1] The plaintiff brought the underlying action against Fiore Powersports, LLC, its principal, Christopher G. Fiore, and Village Marina, LLC. On June 23, 2025, Village Marina, LLC, filed a notice of intent not to file a brief and requested that this court affirm the judgment of the trial court. Fiore and Fiore Powersports, LLC, did not file briefs. On July 14, 2025, this court ordered that this appeal shall be considered on the basis of the plaintiff's brief and appendix, the record as defined by Practice Book § 60-4, and oral argument by the plaintiff.

favor of the plaintiff-appellant, as requested in the bill of costs filed [November 3, 2023]."

In August, 2024, the plaintiff began filing various motions with the trial court related to the appellate clerk's taxation of costs in the amount of $550, including a motion for judgment and a motion for supplemental judgment. With respect to the motion for supplemental judgment, the trial court issued an order stating that such a motion is not appropriate in nonforeclosure cases and further stated: "The appellate [clerk] has already taxed costs [$550] on [December 12, 2023] and no further action is necessary."

On October 2, 2024, the plaintiff filed with the trial court another bill of costs totaling $873.73, to which the defendant filed an objection on October 8, 2024. On December 2, 2024, the trial court issued an order stating: "See Practice Book §18-5. This is for the clerk to decide." In February, 2025, the clerk of the Superior Court filed a taxation of costs in the amount of $739.11. This amount did not include the amount requested in the plaintiff's October 2, 2024 bill of costs or the $550 taxed by the appellate clerk. The plaintiff then filed with the trial court a motion for review of taxation of costs, challenging the failure to include the $550 taxed by the appellate clerk and the $873.73 he requested on October 2, 2024. The defendant filed an objection, and, on March 11, 2025, the trial court denied the plaintiff's motion for review. On March 19, 2025, the plaintiff filed a motion for reconsideration, which the court denied. This appeal, challenging the court's denial of his motion for review of the taxation of costs, followed.

Having considered the record and the plaintiff's brief, we conclude that we cannot properly review either of the plaintiff's claims on appeal because they are inadequately briefed, and thus we decline to address them. "We repeatedly have stated that [w]e are not required

to review issues that have been improperly presented to this court through an inadequate brief. . . . Analysis, rather than mere abstract assertion, is required in order to avoid abandoning an issue by failure to brief the issue properly. . . . [When] a claim is asserted in the statement of issues but thereafter receives only cursory attention in the brief without substantive discussion or citation of authorities, it is deemed to be abandoned. . . . For a reviewing court to judiciously and efficiently . . . consider claims of error raised on appeal . . . the parties must clearly and fully set forth their arguments in their briefs." (Internal quotation marks omitted.) *C. B.* v. *S. B.*, 211 Conn. App. 628, 630, 273 A.3d 271 (2022).

Throughout his appellate brief, the plaintiff fails to clearly and fully set forth his arguments. He relies on abstract assertions absent any analysis. Moreover, he fails to illustrate how the law he presents applies to the facts of this case. Finally, he fails to offer a standard of review for either of his claims, as required by Practice Book § 67-4 (e).[2]

With respect to the plaintiff's claim that the trial court improperly denied his motion for review regarding the $550 in costs taxed to him by the appellate clerk, the plaintiff's briefing is inadequate as he has failed to explain why he cannot seek to enforce the appellate clerk's taxation of costs. See *Pease* v. *Charlotte Hungerford Hospital*, 325 Conn. 363, 370 n.5, 157 A.3d 1125 (2017) ("At oral argument before this court, the parties appeared to agree that the various postjudgment remedies authorized by chapter 906 of the General Statutes may be used to enforce an award of costs as well as a monetary judgment. We have no reason to conclude otherwise . . . .").

___

[2] Practice Book § 67-4 (e) requires that the appellant's brief include "[t]he argument, divided under appropriate headings into as many parts as there are points to be presented, with appropriate references to the statement of facts or to the page or pages of the transcript or to the relevant document. The argument on each point shall include a separate, brief statement of the standard of review the appellant believes should be applied."

Accordingly, we consider the plaintiff's claims to be inadequately briefed and, thus, decline to review them.

The judgment is affirmed.

In this opinion the other judges concurred.